IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. DOMINICK GIAMPAOLO (#R-04860), )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KEITH ANGLIN, Warden, Danville Correctional Center,[1] )<br>)<br>Respondent. ) | Case No. 07 C 2612 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Petitioner Dominick Giampaolo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Giampaolo's habeas petition.

## BACKGROUND

**I.      Factual Background**

Giampaolo was arrested and charged with the criminal sexual assault of his 17-year-old stepdaughter in McHenry County, Illinois. While released on bond, Giampaolo solicited a person in Kane County, Illinois, to kidnap his stepdaughter and deliver her to a hotel in an attempt to convince her to recant her testimony concerning the criminal sexual assault. (R. 17-1, Rule 5 Exs., Ex. A.) The present habeas petition concerns Giampaolo's Kane County conviction for the solicitation to commit aggravated kidnaping.

---

[1] Petitioner Dominick Giampaolo is currently incarcerated at Danville Correctional Center, and thus the Court substitutes Keith Anglin, Warden of Danville Correctional Center, as the Respondent. *See* Fed.R.Civ. P. 25(d).

## II. Procedural Background

### A. Direct Appeal

After pleading guilty to one count of solicitation to commit aggravated kidnaping on June 4, 2001, the Circuit Court of Kane County sentenced Giampaolo to eight years imprisonment to be served consecutively with his sentence related to the McHenry County criminal sexual assault conviction. (*Id.*; R. 3-1, Pet. Mem., at 2.) On November 14, 2001, Giampaolo filed a document labeled "Notice of Intent to Appeal," but he did not pursue a direct appeal to vacate his guilty plea. (Ex. A.)

### B. Petitions for Post-Judgment Relief

Thereafter, Giampaolo filed two petitions for relief from judgment pursuant to 725 ILCS 5/2-1401, in the Circuit Court of Kane County. Under the Illinois Code of Civil Procedure, Section 2-1401, litigants, including criminal defendants, can challenge the facts underlying a final judgment. *See People v. Pinkonsly,* 207 Ill.2d 555, 562, 280 Ill.Dec. 311, 802 N.E.2d 236 (2003); *People v. Haynes,* 192 Ill.2d 437, 460-61, 249 Ill.Dec. 779, 737 N.E.2d 169 (2000). Specifically "[a] section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *Haynes,* 192 Ill.2d at 461. In short, Section 2-1401 only addresses factual issues – not legal or constitutional issues – and thus serves a different purpose than the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq. See People v. Bramlett,* 347 Ill.App.3d 468, 472, 282 Ill.Dec. 663, 806 N.E.2d 1251 (Ill.App.Ct. 2004); *see also People v. Welch,* 376 Ill.App.3d 705, 711, 315 Ill.Dec. 647, 877 N.E.2d 134 (Ill.App.Ct. 2007) (purpose

of post-conviction act "is to resolve allegations that constitutional violations occurred at trial, when those allegations have not been, and could not have been, adjudicated previously."). As the Supreme Court of Illinois recently articulated, the post-conviction hearing act "provides a different form of statutory relief than does section 2-1401, notwithstanding that it, like section 2-1401, allows for collateral relief from judgments, albeit only collateral relief in criminal cases for constitutional violations." *People v. Vincent,* 226 Ill.2d 1, 11, 312 Ill.Dec. 617, 871 N.E.2d 17 (Ill. 2007).

### C. Petition for Post-Conviction Relief

Meanwhile, on June 2, 2004, Giampaolo filed a petition for post-conviction relief in the Circuit Court of Kane County pursuant to the Illinois Post-Conviction Hearing Act. (Ex. N.) In his post-conviction petition, Giampaolo argued that: (1) the Supremacy Clause precluded his conviction; (2) the State did not prove him guilty beyond a reasonable doubt; (3) the State violated his constitutional right to equal protection because it prosecuted similarly situated persons with less severe offenses; (4) the Illinois kidnaping statute did not give fair warning of the conduct it prohibited; (5) the Circuit Court failed to apply the rule of lenity in interpreting the statute; and (6) trial counsel provided constitutionally ineffective assistance of counsel. (*Id.*)

On November 7, 2006, Giampaolo filed an amended post-conviction petition. (Ex. O.) In his amended petition, Giampaolo asserted the following claims: (1) he was entitled to modification of his sentence because he was not admonished that three years of mandatory supervised release ("MSR") would attach to his plea-bargained sentence; (2) he was erroneously denied good-time credits; (3) he was improperly sentenced as a Class 1 offender; (4) the trial court lacked jurisdiction to convict him of kidnaping because he was the parent of the victim;

3

and (5) trial counsel provided ineffective assistance of counsel. (*Id.*) On November 8, 2006, the trial court summarily dismissed Giampaolo's amended post-conviction petition. (Ex. P.) Giampaolo then filed a motion to reconsider, which the trial court denied on December 19, 2006. (Ex. Q.) Thereafter, Giampaolo appealed the denial of his post-conviction petition to the Illinois Appellate Court raising two claims: (1) the trial court erred in failing to admonish him regarding the three-year MSR term; and (2) trial counsel provided constitutionally ineffective assistance of counsel. (Ex. T.) Giampaolo's post-conviction appeal to the Illinois Appellate Court, Second District, is still pending. (R. 14-1.)

### III. Habeas Petition

On May 9, 2007, Giampaolo filed the present habeas petition claiming that: (1) the State did not prove him guilty beyond a reasonable doubt; (2) the trial court misinterpreted the Illinois kidnaping statute; (3) pursuant to the Supremacy Clause, federal law precluded his conviction; (4) his conviction violated his constitutionally protected rights as a parent; (5) the State violated his right to equal protection because it prosecuted similarly situated persons for less severe offenses; (6) the statute of conviction failed to give fair warning as to what conduct it prohibited; and (7) the trial court violated the constitutional rule that statutes should be construed in favor of the accused. (R. 1-1.)

On May 15, 2007, the Court directed Giampaolo to inform it whether he wanted to dismiss the present habeas petition for failure to exhaust his state court remedies or proceed on his exhausted claims. (R. 7-1.) Giampaolo responded that he wished to proceed on his exhausted claims. (R. 9-1, 11-1.) On August 5, 2008, the Executive Committee for the Northern District of Illinois reassigned Giampaolo's habeas petition to this Court. (R. 22-1.) Shortly

4

thereafter, the Court directed Respondent to file a sur-reply explaining which of Giampaolo's claims are exhausted and the status of Giampaolo's post-conviction appeal. (R. 23-1.) Respondent filed his sur-reply on August 14, 2008. (R. 24-1.)

## **LEGAL STANDARD**

Before bringing a habeas petition in federal court, a petitioner must exhaust all remedies available to him in state court. *See Lieberman v. Thomas,* 505 F.3d 665, 669 (7th Cir. 2007); *Bintz v. Bertrand,* 403 F.3d 859, 863 (7th Cir. 2005). Specifically, the "petitioner must establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Bintz,* 403 F.3d at 863; *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes,* 390 F.3d 1019, 1026 (7th Cir. 2004); *see also Lieberman,* 505 F.3d at 670-71. If a habeas petitioner procedurally defaults his claims, the Court is precluded from reviewing the merits of these claims on collateral review. *See Lieberman,* 505 F.3d at 670.

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his

5

constitutional claim in state court. *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496.

## ANALYSIS

### I. Exhaustion

As discussed, Giampaolo pleaded guilty to solicitation to commit aggravated kidnaping and did not directly appeal his conviction. Giampaolo, however, filed two petitions for post-judgment relief pursuant to 735 ILCS 5/2-1401, which are not relevant to the Court's exhaustion or procedural default analysis. *See Lewis,* 390 F.3d at 1025 ("petitioner [must] assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings."); *see also People v. Vincent,* 226 Ill.2d at 11 (post-conviction act provides different statutory relief than Section 2-1401). On the other hand, Giampaolo filed post-conviction petitions in the Circuit Court of Kane County pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, that are relevant to the Court's exhaustion and procedural default analysis. *See Lewis,* 390 F.3d at 1025; *see also Boerckel,* 526 U.S. at 844-45. Specifically, Giampaolo filed an amended post-conviction petition and then appealed the Circuit Court's denial of the amended petition to the Illinois Appellate Court. In his post-conviction appellate brief, Giampaolo makes two arguments: (1) the trial court erred in failing to admonish him regarding the three-year MSR term; and (2) trial counsel provided constitutionally ineffective assistance of counsel. Giampaolo did not bring these two claims in the present habeas petition.

Instead, Giampaolo's habeas claims include the following: (1) the State did not prove him guilty beyond a reasonable doubt; (2) the trial court misinterpreted the Illinois kidnaping statute; (3) pursuant to the Supremacy Clause, federal law precluded his conviction; (4) his conviction violated his constitutionally protected rights as a parent; (5) the State violated his right to equal protection because it prosecuted similarly situated persons for less severe offenses; (6) the statute of conviction failed to give fair warning as to what conduct it prohibited; and (7) the trial court violated the constitutional rule that statutes should be construed in favor of the accused. These habeas claims are exhausted because no state court remedies remain available at this juncture. *See Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004); *Farrell v. Lane,* 939 F.2d 409, 410-11 (7th Cir. 1991). Put differently, "[s]tate remedies are exhausted when the petitioner does not have the "right under the law of the State to raise, by any available procedure, the question presented." *Anderson v. Benik,* 471 F.3d 811, 814 (7th Cir. 2006) (citing 28 U.S.C. § 2254(c)). In fact, both parties agree that Giampaolo has met the exhaustion requirement. *See Perruquet,* 390 F.3d at 515 (state can expressly waive exhaustion requirement); *see also* 28 U.S.C. § 2254(b)(3).

## II. Procedural Default

Nevertheless, Giampaolo's habeas claims are procedurally defaulted because he failed to properly assert his federal habeas claims at each level of state court review. *See Lieberman,* 505 F.3d at 669-70. Specifically, Giampaolo did not present his habeas claims on appeal to the post-conviction Illinois Appellate Court. *See Lewis,* 390 F.3d at 1025. Further, Giampaolo fails to overcome this procedural default by demonstrating cause for the default and actual prejudice or that the Court's failure to consider his claims will result in a fundamental miscarriage of justice.

7

*See House,* 547 U.S. at 536; *Coleman,* 501 U.S. at 750. Accordingly, the Court cannot consider the merits of Giampaolo's habeas claims, and thus denies his petition for a writ of habeas corpus.

## **CONCLUSION**

For these reasons, the Court denies Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1).

Dated: August 20, 2008

                **ENTERED**

_____
**AMY J. ST. EVE**
**United States District Judge**